# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO SANDOVAL, | 1: 08 CV 00566 WMW HC |
| Petitioner, | MEMORANDUM OPINION AND ORDER RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 10] |
| JEANNE S. WOODFORD, WARDEN, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

On October 26, 1999, Petitioner was sentenced to serve nineteen years in state prison. As part of his sentence, Petitioner was limited to potentially reducing his sentence by a maximum of fifteen percent through earning credits, rather than fifty percent. On October 1, 2005, Petitioner filed

an administrative appeal with prison officials, claiming that his participation in the inmate work program entitled him to receive "half time" or fifty percent credit.  The prison denied his administrative appeal on October 14, 2005.  Petitioner filed a petition for writ of habeas corpus with the California Supreme Court on September 10, 2006, raising the same claim.  Petitioner then filed additional habeas corpus petitions with the Los Angeles County Superior Court and the California Court of Appeal.  The Superior Court and Court of Appeal denied Petitioner's habeas petitions while his Supreme Court petition was pending.  The California Supreme Court then denied Petitioner's petition on April 11, 2007.

Petitioner filed the present petition on March 3, 2008.

**LEGAL STANDARD**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution.  In addition, the conviction challenged arises out of the California Correctional Institution, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

1  pursuant to the judgment of a State court only on the ground that he is in custody in violation of the
2  Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

3      The AEDPA altered the standard of review that a federal habeas court must apply with
4  respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.
5  Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will
6  not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or
7  involved an unreasonable application of, clearly established Federal law, as determined by the
8  Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable
9  determination of the facts in light of the evidence presented in the State Court proceeding." 28
10 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth
11 Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120
12 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court
13 concludes in its independent judgment that the relevant state-court decision applied clearly
14 established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted).  "Rather,
15 that application must be objectively unreasonable." Id. (citations omitted).

16      While habeas corpus relief is an important instrument to assure that individuals are
17 constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);
18 Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal
19 conviction is the primary method for a petitioner to challenge that conviction. Brecht v.
20 Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual
21 determinations must be presumed correct, and the federal court must accept all factual findings made
22 by the state court unless the petitioner can rebut "the presumption of correctness by clear and
23 convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769
24 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380,
25 1388 (9th Cir. 1997).

## DISCUSSION

27 Respondent moves to dismiss this petition on the ground that it is untimely and barred by the
28 statute of limitations. Petitioner opposes motion.

Procedural Basis for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

Statute of Limitations Bar

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under 28 U.S.C. § 2244(d)(1), the limitations period begins to run when "the factual predicate of the claim . . . could have been discovered through due diligence." Where an administrative decision is challenged, the factual predicate is discovered when the inmate's administrative appeal of that decision is denied. Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004). Petitioner argues that in this case, the statute of limitations never began running because his administrative appeal was denied on the informal level, but was screened out on the formal level. The court rejects this argument as meritless. Here, the administrative appeal was denied on October 14, 2005, and screened out 12 days later. The present petition was not filed until March 3, 2008. Thus, absent tolling of the statute, the petition is untimely even if the date of the screen-out decision is used as the operative date.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[1] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005. In Carey v. Saffold, 536 U.S. 214, 122 S.Ct. 2134 (2002), the Court determined that under California's collateral review process, the intervals between a lower court decision and the filing of a

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See, id.

new petition in a higher court are within the scope of the statutory word "pending." Id. at 2140. Thus, as in Nino v. Galaza, tolling occurs during the intervals between petitions in the state courts.

In this case, the first state habeas corpus petition Petitioner filed was with the California Supreme Court on September 10, 2006. Thus, more than 300 days elapsed before Petitioner began his state court proceedings. The California Supreme Court denied the petition on April 11, 2007. The one-year statute of limitations began running again. Petitioner did not file the present habeas corpus petition until March 25, 2008, more than 300 days later and long after the statute had expired.

. The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds by*, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* Kelly, 163 F.3d at 541; Beeler, 128 F.3d at 1288-1289. In this case, the court finds no basis for equitable tolling.

In light of the above, the court must conclude that the present petition for writ of habeas corpus is untimely and is barred by the statute of limitations.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) that Respondent's motion to dismiss is GRANTED;
2) that this petition for writ of habeas corpus is DISMISSED as barred by the statute of limitations;
3) that the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

Dated:     January 22, 2009              /s/  William M. Wunderlich
                                         UNITED STATES MAGISTRATE JUDGE